UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANDRE BRELAND,<br><br>　　　　　　　　　Petitioner,<br><br>　　v.<br><br>RENEE BAKER, *et al.*,<br><br>　　　　　　　　　Respondents. | Case No. 3:17-cv-00037-MMD-WGC<br><br>ORDER |

This is a habeas corpus proceeding under 28 U.S.C. § 2254. Petitioner, Andre Breland, has paid the filing fee of $5.00 required to initiate this action, so the Clerk will be directed to file the petition herein.

In reviewing the petition under Rule 4 of the Rules Governing Section 2254 Cases, the Court notes that petitioner seeks to invalidate a prison disciplinary proceeding that resulted in a penalty of two years of confinement in disciplinary segregation and the loss of 365 days of good-time credits.

The Ninth Circuit recently confirmed that, "if a state prisoner's claim does not lie at 'the core of habeas corpus,' . . . it may not be brought in habeas corpus but must be brought, 'if at all,' under [42 U.S.C.] § 1983." *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (citations omitted). The "core of habeas corpus" is relief that "terminates custody, accelerates the future date of release from custody, [or] reduces the level of custody." *Nettles*, 830 F.3d at 929-30 (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005) (Scalia J., concurring)).

Petitioner indicates in his petition that the period of confinement in disciplinary segregation resulting from the challenged proceeding ran from December 2012 to December 2014. (ECF No. 1-1 at 2.) Thus, habeas relief is no longer available for that portion of petitioner's disciplinary penalty.

With respect to petitioner's loss of good-time credits, this Court questions whether petitioner can demonstrate that restoration of those credits will advance the future date of his release from custody. A petitioner seeking habeas relief must show that his claim, if successful, "will *necessarily* lead to immediate or speedier release." *Nettles*, 830 F.3d at 934-35 (emphasis added). According to the online docket for the state district court for Clark County, Nevada, petitioner stands convicted of first degree murder, for which he is serving a sentence of life without possibility of parole.[1] If so, this Court is unable to discern how the restoration of the good-time credits will expedite petitioner's release.[2]

Thus, before directing the respondents to respond to the habeas petition, this Court will require petitioner to show cause in writing why the petition should not be dismissed for lack of jurisdiction under the holding in *Nettles*.

Petitioner has also submitted a document styled as a "notice of appeal," with which he appears to be seeking this Court's appellate review of a decision issued by the Nevada Supreme Court. (ECF No. 1-2.) Petitioner is advised that this Court does not have appellate jurisdiction over decisions rendered by a state court. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). To the extent that petitioner seeks review of the Nevada Supreme Court's decision based on a contention that he has been deprived of a "right . . . under the constitution, treaties or statutes of . . . the United States," his recourse within the federal

///

---

[1] http://www.clarkcountycourts.us/ejdc/index.html — Case No. 93C116706.

[2] Indeed, even a sentence of life *with* the possibility of parole would not necessarily be shortened by the restoration of good-time credits. *See Hunt v. Warden*, 903 P.2d 826 (Nev. 1995) (holding that, while statutory good time credits should be recorded for life terms, those credits are not applied to life terms).

2

judiciary is by petition for writ of certiorari to the United States Supreme Court. 28 U.S.C. § 1257(a).

It is therefore ordered that the Clerk file the petitioner's petition for writ of habeas corpus (ECF No. 1-1).

It is further ordered that, within thirty (30) days of entry of this order, petitioner must show cause in writing why the petition should not be dismissed for lack of jurisdiction under the holding in *Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016), as explained above. If petitioner does not timely respond to this order, the petition will be dismissed without further advance notice. If petitioner responds but fails to show that habeas relief is available for the claims in his petition, the action will be dismissed for lack of jurisdiction.

No extension of time will be granted to respond to this order except in the most compelling of circumstances.

DATED THIS 25th day of April 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE