UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ANDRE BRELAND,

Petitioner,

v.

RENEE BAKER, *et al.*,

Respondents.

Case No. 3:17-cv-00037-MMD-WGC

ORDER

On April 25, 2017, this Court entered an order directing petitioner Breland to show cause why his habeas corpus petition under 28 U.S.C. § 2254 should not be dismissed for lack of jurisdiction under the holding in *Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016). (ECF No. 5.) As noted in that order, Breland seeks to invalidate a prison disciplinary proceeding that resulted in a penalty of two years of confinement in disciplinary segregation and the loss of 365 days of good-time credits. Breland has filed his response to the order to show cause. (ECF No. 7.) For the reasons that follow, Breland has failed to establish that this Court has jurisdiction to grant him habeas relief.

As an initial matter, the Court noted in its order to show cause that, because the period of confinement in disciplinary segregation resulting from the challenged proceeding ran from December 2012 to December 2014, habeas relief is no longer available for that portion of Breland's disciplinary penalty. (ECF No. 5 at 2.) Breland does not dispute that conclusion in his response to the order. Breland also does not dispute that statutory good-time credits do not shorten a life sentence in Nevada. *See Hunt v. Warden*, 903 P.2d 826 (Nev. 1995) (holding that, while statutory good-time credits should be recorded for life terms, those credits are not applied to life terms).

Breland insists in his response that this Court retains habeas jurisdiction over his petition notwithstanding the holding in *Nettles*. He does not make the required showing, however, that success on the merits of any of his claims "will necessarily lead to immediate or speedier release" from custody. *Nettles*, 830 F.3d at 934-35. He contends that the disciplinary infraction jeopardizes his chances of having his sentence of life without possibility of parole being commuted to life with the possibility of parole by the board of pardons. While the board of pardons does have the authority to take such an action (*see Smith v. State*, 802 P.2d 628, 630 (Nev.1990)), the court in *Nettles* made clear that showing that success on a claim would possibly, or even "likely," lead to earlier release is not sufficient to establish habeas jurisdiction. *See Nettles*, 830 F.3d at 934 ("[C]ore-of-habeas standard is a well-tested one that does not require the sort of probabilistic analysis found in some of our prior precedent.").

Here, the chances of Breland ever being released on parole, even with the expungement of his disciplinary record, are even more remote than those of the petitioner in *Nettles*, who was already serving a sentence that allowed for parole and who had already appeared before the parole board. *See id.* at 935. While the Nevada board of pardons retains the power to commute a sentence of life without the possibility of parole to a sentence allowing for parole, it is by no means obligated to do so. And even if Breland's sentence was commuted to one that allowed parole, the presence of a disciplinary infraction on his record "does not compel the denial of parole, nor does an absence of an infraction compel the grant of parole." *Id.* Instead, the parole board is required to consider a range of relevant factors not related to his prison disciplinary record and is expressly prohibited from granting parole if several other conditions are not met. *See Smith*, 802 P.2d at 630; NRS § 213.1099.

As was the case in *Nettles*, success on Breland's claims would not necessarily lead to his immediate or earlier release from confinement. *See Nettles*, 830 F.3d at 935. Consequently, the claims do not fall within "the core of habeas corpus" and are not cognizable in this proceeding. *Id.*

It is therefore ordered that Breland's petition for writ of habeas corpus (ECF No. 6) is dismissed for lack of jurisdiction. The Clerk will enter judgment accordingly.

It is further ordered that the Court declines to issue a certificate of appealability.

It is further ordered that the Clerk add Adam Paul Laxalt, Attorney General for the State of Nevada, as counsel for respondents, and electronically serve upon respondents a copy of this order. No response is necessary.

DATED this 27th day of December 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE